IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Beneficial Illinois, Inc., d/b/a Beneficial Mortgage Company of Illinois, a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 4165 |
| vs. | ) ) | |
| Gregory Schrage, an individual, and Mary Schrage, an individual, | ) ) ) | |
| Defendants. | ) ) | |

_____

## FIRST AMENDED COMPLAINT

Plaintiff, Beneficial Illinois, Inc, d/b/a Beneficial Mortgage Company of Illinois. ("Lender"), a Delaware corporation licensed to do business in Illinois, states as follows for its First Amended Complaint against Defendants Gregory Schrage, incorrectly named as George Schrage, and Mary Schrage (collectively "Mortgagors"):

## NATURE OF THIS ACTION

1.      This is an equitable action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2.      Lender seeks in this action a declaratory decree that, in order to effectuate Gregory Schrage's election to rescind his loan from Lender pursuant to the Truth in Lending Act, 15 U.S.C. section 1601, *et seq* ("TILA")*,* Mortgagors must repay the loan proceeds less all interest, origination fees, servicing fees and principal paid.

## PARTIES, JURISDICTION, AND VENUE

3.     Original jurisdiction over this action is vested in this Court pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

4.     On information and belief, Mortgagors are individuals residing in Joliet, Will County, Illinois.

5.     Venue is proper in this Court because: (a) Mortgagors reside in this judicial district; (b) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (c) the property which is the subject of this action is situated in this judicial district.

6.     All conditions precedent to commencement of this action have occurred or have been performed, excused, satisfied, or waived.

## GENERAL ALLEGATIONS

7.     On or about October 28, 2005, Lender made a loan ("Loan") to Gregory Schrage in the original principal sum of $218,097.29, secured by Mortgagors' primary residence located at 1801 Cecily Drive, Joliet, Illinois 60435.

8.     Subsequently, Lender learned of an error in the TILA disclosures provided to Mortgagors.

9.     Lender immediately issued new, corrected disclosures to Mortgagors, along with two copies of a renewed "Notice of Right to Cancel", pursuant to 15 U.S.C. § 1635(a).

10.     The Notice of Right to Cancel permitted Mortgagors to rescind the Loan without cost, obligating Mortgagors to repay the loan proceeds less all interest, origination fees, servicing fees and principal paid ("Net Loan Proceeds"), and obligating Lender to cancel the mortgage lien on Mortgagors' property.

79814.1                                         2

11.    Gregory Schrage elected to execute the Notice of Right to Cancel, and returned the same to Lender on or about July 3 2008, a copy of which is attached hereto as Exhibit A.

12.    By letter dated July 7, 2008, Lender acknowledged receipt of the executed Notice of Right to Cancel, and advised Mortgagors to pay the Net Loan Proceeds, in the amount of $169,933.72.

13.    As of the date of filing this complaint, Mortgagors have failed and/or refused to repay the Net Loan Proceeds, and Lender is seeks a declaration of it rights with respect to cancellation of the mortgage lien on Mortgagors' property

## TILA RESCISSION

14.    Title 15 U.S.C. § 1635(a) describes a procedure for rescission, and provides:

> When [Mortgagor] exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by [Mortgagor], including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, [lender] shall return to [Mortgagor] any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. … <u>The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.</u>

15 U.S.C. § 1635(b), emphasis added.

15.    Regulation Z, 12 C.F.R. section 226.1 et seq., which implements TILA, reiterates the procedure above.  However, Regulation Z also states that the court can modify the rescission procedures: "The procedures outlined in paragraphs (d) (2) and (3) of this section may be modified by court order." 12 C.F.R. § 226.23(d) (4).

16.    Importantly, the last sentence of TILA section 1635(b) was added as part of the Truth in Lending Simplification and Reform Act, Pub.L. No. 96-221, tit. IV, § 612(a)(4), 94 Stat. 132, 175 (1980), codified as amended at 15 U.S.C. § 1635(b).  The amendment clarified Congress' intent that the court have the authority to return the parties to their positions *status quo ante. See, eg. Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1140 (11th Cir. 1992) (conditioning the lender's duties on the Mortgagors' tender of the lender's money).

17.    Courts look to equitable considerations in determining how to apply the equitable remedy of rescission.  *See, e.g., Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007) ("The equitable goal of rescission under TILA is to restore the parties to the 'status quo ante.'"); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (noting the "statutory and regulatory regime of leaving courts free to exercise equitable discretion to modify rescission procedures"); *Williams v. Homestake Mortgage Co.*, 968 F.2d at 1142 ("a court may impose conditions that run with the voiding of a creditor's security interest upon terms that would be equitable and just to the parties in view of all surrounding circumstances."); *Williams v. Saxon Mortg. Co.*, 2008 U.S. Dist. LEXIS 131, *13 (S.D. Ala. Jan. 2, 2008) ("Although the right to rescind is statutorily granted [by TILA], it remains an equitable doctrine subject to equitable considerations."); *In re Miller*, 320 B.R. 203, 210 (Bankr. N.D. Ala. 2005) ("Rescission is an equitable remedy and courts may condition its allowance upon the Mortgagors' return of those funds advanced by the creditor."); *Quenzer v. Advanta Mortg. Corp. USA*, 288 B.R. 884, 888 (D. Kan. 2003) ("although a debtor's tender back is not mandated as a prerequisite to rescission, it may be an appropriate condition

attached thereto under certain circumstances because of the equitable nature [of] that statutory remedy").

18.    As a result, numerous courts have held that Mortgagors should repay the loan before the lender is required to release its mortgage lien on the Mortgagors' home. *See Decision One Mortgage Co., LLC v. Fraley*, 238 F.3d 420 (6th Cir. 2000) (Mortgagors to repay the loan as a condition precedent to the lender releasing its security interest); *Powers v. Sims & Levin*, 542 F.2d 1216 (4th Cir. 1976) (conditional rescission is appropriate where it does not appear that the Mortgagors intends or is able to repay the lender's money); *AFS Financial, Inc. v. Burdette*, 105 F. Supp.2d 881 (N.D. Ill. 2000) ("It is now well settled that a court, in the exercise of its equitable discretion … can condition rescission upon tender of amounts previously advanced, leaving the security interest in place until the tender is made."); *Mitchell v. Security Investment Corp. of the Palm Beaches*, 464 F. Supp. 650, 652 (S.D. Fla. 1979) (return of the loan principal consistent with the statutory goal of returning the parties to the status quo before they entered into the contract); *Dotter v. Texas Commerce Bank Nat'l Ass'n*, 679 So.2d 1215, 1216 (Fla. 4th DCA 1996) (per curiam) (trial court's order modifying the terms of rescission was proper under 15 U.S.C.A. § 1535(b)); *Hull v. Bowest Corp.*, 649 P.2d 334, 338 (Colo. Ct. App. 1982) ("Congress did not intend that the creditor relinquish its security interest when the debtors, as here, do not intend or are not prepared to tender restitution of the funds borrowed."); *Canal Mortgage and Finance Co. v. Jackson*, 390 So.2d 1347, 1353 (La. Ct. App. 1980) (Mortgagors under TILA entitled to rescission, not forfeiture of lender's property).

19.    Several courts have imposed similar equitable conditions, such as requiring the debtor to tender performance contemporaneously with the creditor or to otherwise  provide suitable assurances of its ability to pay before the creditor tenders its performance.  *See, e.g., Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820-21 (4th Cir. 2007) ("Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest."); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (trial court had discretion to modify sequence of rescission to ensure that Mortgagors could repay loan proceeds "before going through the empty (and expensive) exercise of a trial on the merits"); *FDIC v. Hughes Dev. Co.,* 938 F.2d 889, 890 (8th Cir. 1991) (district court properly conditioned rescission on tender of $100,000 principal within one year); *In re Sterten*, 352 B.R. 380, 387 (Bankr. E.D. Pa. 2006) ("permitting a consumer a reasonable time frame to repay the creditor while the creditor retains the security interest it acquired in the rescinded transaction [is] a balanced, equitable approach"); *Egipciaco Ruiz v. R & G Financial Corp.*, 383 F. Supp.2d 318, 321 (D.P.R. 2005) (following the "vast majority of courts" that have "conditioned the right of rescission upon the consumer's tender of the amount borrowed when the consumer's ability to tender has been questioned"); *In re Wepsic,* 231 B.R. 768, 776 (Bankr. S.D. Cal. 1998) ("the benefits of rescission" were conditioned upon the debtor's "tender of her duty of repayment under the statute").

## <u>COUNT I – DECLARATORY JUDGMENT</u>

20.    Lender realleges and incorporates by reference paragraphs 1 through 20, above, as if fully set forth herein.

21.    At present, a significant controversy exists between the parties as to whether Mortgagors must repay the Net Loan Proceeds prior to Lender's release of the Mortgage.

22.    There has arisen and now exists an actual controversy between Lender and Mortgagors regarding the orderly rescission of the Loan.  Gregory Schrage seeks to rescind the Loan.  Lender is prepared to accommodate rescission of the Loan, but contends that it is entitled to receive the Net Loan Proceeds before release of the mortgage.

23.    Accordingly, there exists a bona fide, actual, and present practical need for a declaration, which declaration deals with a present, ascertained or ascertainable state of facts, and Mortgagors have an actual, present, adverse, and antagonistic interest in the subject matter of the dispute.

24.    Lender is entitled to a declaratory decree to afford it relief from insecurity and uncertainty with respect to rescission of the Loan.

WHEREFORE, Lender respectfully requests that this Court enter a judgment in its favor and against Mortgagors, and order:

    a.    a declaratory decree that rescission of the Loan requires that Mortgagors tender the Net Loan Proceeds prior to Lender's cancellation of the mortgage lien;

    b.    a declaratory decree that Mortgagors' failure to tender the Net Loan Proceeds relieves Lender of its obligations in rescission; and

    c.    such other relief as the Court deems equitable, just and proper.

Dated: September 5, 2008.               Respectfully submitted,

                                        BENEFICIAL ILLINOIS, INC.


                                        By     s/ Synde B. Keywell
                                             One of Its Attorneys



Synde B. Keywell
Bryan Cave, LLP
161 North Clark Street
Suite 4300
Chicago, IL  60601
312-602-5077
312-602-7477 (fax)
ARDC #06185620

# EXHIBIT A

## NOTICE OF RIGHT TO CANCEL
**Loan Account**

**ORIGINAL LOAN NO:** 41171800556134
**CURRENT LOAN NO:** 0011864816

**BORROWER(S):**

GREGORY SCHRAGE

**PROPERTY ADDRESS:**

1801 CECILY DR
JOLIET, IL 60435



**VESTED OWNER(S):**

SCHRAGE  MARY

**Your Right to Cancel**

You are entering into a transaction that will result in a [mortgage/lien/security interest] [on/in] your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of this new transaction, which is October 28, 2005; or
(2) the date you received your Truth-In-Lending disclosures; or
(3) the date you received this notice of your right to cancel.

☐ **Refinancing Existing Loan: (Disregard this paragraph unless the space to the left is marked with an "X"). You are entering into a new transaction to increase the amount of credit previously provided to you by us. Your home is the security for this new transaction. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is already the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase in credit. We must also return any money you have given to us or anyone else in connection with this new transaction.**

This paragraph does not apply if the "**Refinancing Existing Loan:**" box is mark with an "X". If you cancel the transaction, the mortgage or lien is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage or lien on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

## NOTICE OF RIGHT TO CANCEL
### Loan Account

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address shown on page two (2) of this notice. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this new transaction, you may do so by notifying us in writing at:

BENEFICIAL ILLINOIS INC. D/B/A BENEFICIAL MORTGAGE CO. OF ILLINOIS
636 Grand Regency Boulevard
Brandon, FL 33510
Attention: Rescission Unit

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of **July 7,2008**. If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

Borrower: _Gregory Schrage_                     Date: _July 3, 2008_
GREGORY SCHRAGE

Vested Owner's Signature: _Schrage Mary_          Date: _July 3, 2008_
SCHRAGE MARY